```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X    E.D. Bankr. Case
In re:                                 No. 8-04-87515

DELAFIELD 246 CORPORATION              ORDER
                                       05-CV-2232 (JS)
                        Debtor.
----------------------------------X
```

<u>APPEARANCES</u>:

For Debtor: Daniel Zimmerman, Esq.
Law Offices of Steven Cohn, PC
One Carle Place
Carle Place, NY 11514

For Delafield
Homeowner's Association: Christine H. Black, Esq.
Robinson Brog Leinwand Greene
Genovese & Gluck, PC
1345 Avenue of the Americas
New York, NY 10105

For City of New York: Lawrence J. Brenner, Esq.
Corporation Counsel of the City
of New York
100 Church Street, Room 5-215
New York, NY 10007

SEYBERT, District Judge:

Pending before the Court is Debtor/Appellant Delafield 246 Corporation's ("Debtor") motion, pursuant to Federal Rule of Bankruptcy Procedure 8005, for a stay pending an appeal of Bankruptcy Judge Stanley Bernstein's April 28, 2005 Order. The Debtor's motion is opposed by Delafield Estates Homeowners Association Incorporated ("the Association") and the City of New York ("City"). For the reasons set forth below, the Debtor's motion is hereby DENIED.

<u>BACKGROUND</u>

The following is a brief recitation of only the most

pertinent facts of this case.

The Debtor owns several lots within a residential development known as Delafield Estates. Over the past several years, the Debtor has been involved, in New York state court, in separate litigations with the Association and/or the City of New York concerning, inter alia, the Debtor's tax liabilities arising from its ownership of land within Delafield Estates.

The instant application concerns a pending state court action between the Debtor and the Association (the "State Action"). The State Action was set for trial on December 1, 2004. However, on November 29, 2004, the Debtor filed a Chapter 11 petition, automatically staying the proceeding. On April 8, 2005, the Association filed a motion, pursuant to 11 U.S.C. § 362(d), requesting that the Bankruptcy Court lift the automatic stay with respect to the State Action.

Complicating matters, on April 14, 2005, the Debtor filed an Omnibus Complaint with the Bankruptcy Court, thereby commencing an adversary proceeding against the Association, the Association's members and New York City. It is not disputed that many of the claims contained in the Omnibus Complaint overlap with the claims pending in the State Action.

On April 21, 2005, the Bankruptcy Court conducted a hearing attended by the Debtor, the Association and the United States Trustee. At the hearing, the interplay between the Omnibus

Complaint and the State Action was discussed. On April 28, 2005, the Bankruptcy Court issued an order: (1) granting the Association's application to lift the stay; (2) sua sponte dismissing the Omnibus Complaint because it substantially overlapped with the State Action; and (3) sua sponte transferring the bankruptcy proceeding to the United States Bankruptcy Court for the Southern District of New York ("April Order").[1]

On May 3, 2005, the Debtor filed a Notice of Appeal of the April Order. Several days later, the Debtor filed the instant application, pursuant to Federal Rule of Bankruptcy Procedure 8005, requesting a stay during the pendency of the appeal.

DISCUSSION

Standard Of Review

A party seeking a stay pursuant to Rule 8005 must, ordinarily, make the stay application to the bankruptcy court before seeking such relief from the district court. Where a party seeks a Rule 8005 stay from the district court, it must "show why the relief, modification, or termination was not obtained from the bankruptcy judge." Fed. R. Bankr. P. 8005.

Here, Appellant maintains that it did not seek a stay from the Bankruptcy Court because any request for such relief would

---

[1] The Bankruptcy Court also cancelled an April 29, 2005 hearing concerning the Debtor's Plan and Disclosure Statement because, according to the Bankruptcy Court, "the adequacy of the Debtor's Plan and Disclosure Statement cannot be addressed until after the resolution of the disputes involving the Association and the NYC Department of Finance." (April Order at 2).

3

have been futile. The Court is not impressed by Appellant's explanation.² Nevertheless, the Court will assume this requirement to be met and will assess the merits of Appellant's Rule 8005 application. See FFG-NJ Vehicle Funding Corp. v. Holtmeyer (In re Holtmeyer), 229 B.R. 579, 581 (E.D.N.Y. 1999).

In determining whether a stay pending appeal is appropriate, the Court must consider four factors: "(1) whether the movant will suffer irreparable injury absent a stay[;] (2) whether a party will suffer substantial injury if a stay is issued[;] (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal[;] and (4) the public interests that may be affected." Hirschfeld v. Board of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993); see Holtmeyer, 229 B.R. at 582 (E.D.N.Y. 1999). All four criteria must be satisfied in order for a stay to be entered.

Here, the Court DENIES Debtor's request for a stay because the Debtor has failed to demonstrate a likelihood of success on the merits.

---

² The gravamen of Appellant's excuse is that, at a hearing conducted on April 21, 2005, the Bankruptcy Court expressed no interest in addressing the merits of the case, and manifested a reluctance to reconsider any of its conclusions. The Court finds it hard to see how such a basis will not always be applicable where a party wishes to appeal a court's order, rendering the requirement meaningless.

Likelihood Of Success On The Merits

In support of its application for a stay, the Debtor specifically challenges two determinations by the Bankruptcy Court: (1) the determination to lift the stay, and allow the Association to continue the State Action; and (2) the dismissal of the Debtor's Omnibus Complaint. The Court finds that Appellant has failed to adequately allege a likelihood of success on the merits with respect to either of these issues.

The Bankruptcy Court's Decision To Lift The Stay Under 11 U.S.C. § 362(d)

The standard of review of a Bankruptcy Court's determination to lift a stay is highly deferential. See Schneiderman v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 109 (2d Cir. 2002) ("the . . . decision to lift the stay may be overturned only for an abuse of discretion"). The Second Circuit has set forth twelve factors that should guide a bankruptcy court's determination to lift a stay:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal with necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for [a defense]; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) the judgment claim arising from the other action is subject to equitable subordination;

5

> (9) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) [the] impact of the stay on the parties and the balance of the harms.

Bogdanovich, 292 F.3d at 110 n.1 (internal quotations, citations omitted).

Here, the Bankruptcy Court relied on the fact that the matter pending in state court was trial-ready, and that the state court had already made "dispositive determinations regarding the liability of the debtor." (April Order at 2.) Such factual conclusions are well supported by the record.

The Debtor argues that the determination to lift the stay was erroneous because the Bankruptcy Court errantly concluded that: (1) the Association's claim would be completely resolved by the state court proceeding; and (2) the State Action will not resolve all issues raised in the Omnibus Complaint. Such objections, however, are misleading. There is no indication that the Association possesses any other claims beyond those contained in the State Action. Moreover, such claims, by the Debtor's admission, "need[] to be liquidated."

Rather, the Debtor's primary objection is that certain of its purported defenses to the Association's claims will not be resolved in the State Action. Specifically, the Debtor's primary

6

defense concerns the alleged payment of certain taxes on behalf of the Association and its members, and a corresponding right to a credit, recoupment or offset against the Association. (Debtor's Application for a Stay ¶¶ 30-32). However, the assertion that such claims will be foreclosed and might not adequately be presented in the State Action are belied by the Appellate Division's decision in <u>Delafield Estates Homeowners Association, Inc. v. Delafield 246 Corp.</u>, which expressly anticipates several issues to be resolved at trial, including the Debtor's contention that "it paid the back taxes of not only its own lots but also the lots of the other owners, entitling it to a setoff against any common charges it owes." 280 A.D.2d 437 (1st Dep't 2001).

In sum, it is apparent that the Bankruptcy Court recognized that: (1) the State Action claims had to be resolved; (2) the state court had already rendered significant determinations concerning liability; and (3) the State Action was trial ready when the Chapter 11 petition was filed, and judicial economy weighed in favor of adjudication in the state court. Such considerations fall within the permissible criteria to be considered when determining whether a stay should be lifted pursuant to 11 U.S.C. § 362(d). At this time, the Debtor has failed to set forth a substantial possibility that the Bankruptcy Court's determination to lift the stay amounted to an abuse of discretion.

### The Dismissal Of The Omnibus Complaint

The Court is ill-prepared to undertake any meaningful assessment of the Debtor's objection to the dismissal of the Omnibus Complaint because the Debtor's objection is entirely predicated upon an erroneous premise - that the Bankruptcy Court dismissed the Omnibus Complaint pursuant to Federal Rule of Bankruptcy Procedure 7041(b).

While the Bankruptcy Court did not explicitly state the statutory basis for the dismissal of the Omnibus Complaint, the Court finds it evident that the Bankruptcy Court did not rely, as the Debtor suggests, on Rule 7041(b), which governs motions to dismiss filed by defendants due to a plaintiff's failure to "prosecute or to comply with [the Bankruptcy] rules or any order of court." Fed. R. Bankr. Proc. 7041(b).

Rather, the Bankruptcy Court stated "[i]n light of th[e] determination [to lift the stay on the State Action], it is also appropriate to dismiss the debtor's Omnibus Complaint . . . because it substantially overlaps with the issues to be determined in the State Court." (April Order at 2.) In other words, the sua sponte dismissal of the Omnibus Complaint was a necessary corollary to the Order lifting the stay of the State Action. Such a dismissal is more accurately classified as a dismissal pursuant to Section 105 of the Bankruptcy Code. See 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in

8

interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court order or rules or to prevent an abuse of process.").

Because the Debtor's request for a stay pending appeal does not address the propriety of the Bankruptcy Court's invocation of Section 105(a), the Court cannot undertake any meaningful analysis of whether there is a substantial probability of the Debtor's success on appeal with respect to this issue.

CONCLUSION

For the reasons set forth herein, the Debtor's application for a stay pending the resolution of its appeal of the Bankruptcy Court's April Order is DENIED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 27, 2005
Central Islip, NY